## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

IN RE: )
)
THE QUAY CORPORATION )
) Bankruptcy No. 05 B 63146
Debtor. )
)

## MEMORANDUM OPINION SETTING FORTH AMPLIFIED
## FINDINGS OF FACT AND CONCLUSIONS OF LAW
## ON WHICH ORDER MODIFYING STAY WAS BASED

This matter comes before this Court pursuant to a Memorandum Opinion and Order from the United States District Court for the Northern District of Illinois (Honorable John W. Darrah) dated April 6, 2006 which remanded this matter for written findings on this Court's Order dated November 29, 2005 amplifying reasons given orally from the bench. The November 29, 2005 Order granted the motion of Mexican Cheese Producers, Inc. and Distribuidora De Quesos Mexicanos, Inc. (collectively "MCP") for relief from the automatic stay until June 30, 2006 for the limited purpose of allowing the Circuit Court of Cook County ("Circuit Court") to enter judgment liquidating Count I of MCP's counterclaim against the Debtor in the case of Quay Corporation v. Mexican Cheese Producers, et al., 03 CH 10917.

The following Opinion will stand as further Findings of Fact and Conclusions of Law made pursuant to the District Court's remand order.

## FINDINGS OF FACT

1.  MCP is a producer of Mexican Cheese Products whose principal place of business is located in Monroe, Wisconsin.

2.  On June 30, 2003, the Quay Corporation, Inc. ("Quay" or "Debtor") filed suit in the Circuit Court of Cook County against MCP, seeking damages for an alleged breach of contract between the parties.

3.  On July 16, 2003, MCP filed a counterclaim against Quay, seeking to recover payment from Quay in the amount of $1,411,132.78 for products sold to Quay for which it was never paid, plus interest, costs, and attorney fees.

4.  On July 29, 2004, the Circuit Court Judge entered an order finding that there was no genuine issue of material fact that Quay owed MCP $1,246,033.40 and reserved ruling with respect to the remaining amount claimed in Count 1 of MCP's counterclaim. Subsequently, the Circuit Court dismissed all of Quay's claims against MCP in the underlying complaint.

5.  On August 16, 2005, MCP filed a motion for assessment of interest, attorney's fees, and for entry of final judgment on the undisputed portion of Count 1 of MCP's counterclaim. The matter was fully briefed by the parties and set for ruling and entry of judgment by the Circuit Court on October 19, 2005.

6.  On October 18, 2005, prior to the hearing, Quay filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.*

7.  On November 22, 2005, MCP presented a motion to modify the stay for the limited purpose of allowing the Circuit Court to enter judgment liquidating the amount of MCP's

claim against Quay in Count I of MCP's counterclaim. MCP agreed to return to the Bankruptcy Court for any efforts to collect its liquidated claim.

8. Quay opposed lifting the stay, arguing that if the stay was lifted, Quay would have to expend its limited resources in the state proceeding to Quay's and other creditors' detriment. Quay also argued that lifting the stay should be denied because Quay's insurer was not responsible for defending the state proceeding and because Seventh Circuit law generally permits the bankruptcy stay to be modified to allow a state proceeding to continue only where the debtor's insurance company would defend the debtor in the litigation.

9. For reasons stated from the bench on November 29, 2005 an order was entered herein modifying the automatic stay for the limited purpose of allowing the Circuit Court to enter judgment liquidating Count I of MCP's counterclaim against Quay. In an oral ruling, it was reasoned that judicial efficiency would best be served by modifying the stay because the Circuit Court, which was familiar with the case, would be best situated to resolve merits of the case.

10. On December 8, 2005, Quay filed a Notice of Appeal. On December 15, 2005, Quay filed a motion to stay the Order modifying stay pending appeal. On December 22, 2005, Quay's request for stay pending appeal was denied herein, based on further oral opinion with an expanded statement of reasons supporting both the November 29th Order and the ruling that day denying a stay thereof.

11. On December 28, 2005, Quay filed an appeal to the Order modifying stay in the United States District Court for the Northern District of Illinois ("District Court").

12. On January 13, 2006, Quay filed a Motion for Stay Pending Appeal in the District Court. On January 24, 2006, Quay's Motion for Stay Pending Appeal was denied by the District

Court for reasons stated in a Memorandum Opinion and Order.  See In re Quay Corp., Inc., 2006 WL 208704 (N.D. Ill. 2006).

13. On April 6, 2006, the District Court remanded this matter for written findings supplementing earlier oral reasons given for this Court's Order dated November 29, 2005.

14. Facts set forth in the Conclusions of Law will stand as additional Findings of Fact.

## CONCLUSIONS OF LAW

### Jurisdiction

Jurisdiction over this matter lies here under 28 U.S.C. § 1334 and 28 U.S.C. § 157. This matter is referred here by District Court Internal Operating Procedure 15(a), and is a core proceeding under 28 U.S.C. § 157(b)(2)(G).

### Application Standards on Motions to Modify Stay

Section 362(d) of the Bankruptcy Code provides two grounds under which relief from the automatic stay can be granted. In re 8th Street Village Ltd. Partn., 88 B.R. 853, 855 (Bankr. N.D. Ill.), aff'd, 94 B.R. 993 (N.D. Ill. 1988). The first specified statutory ground is for "cause," including but not limited to lack of adequate protection of an interest in property. 11 U.S.C. § 362(d)(1). The second ground is that the debtor does not have any equity in the property, and the property is not necessary for an effective reorganization. 11 U.S.C. § 362(d)(2).

MCP requested relief under the first ground. Pursuant to § 362(d), the decision to modify a stay rests with the discretion of the bankruptcy court and may only be overturned upon a showing of abuse of discretion. In re Boomgarden, 780 F.2d 657, 660 (7th Cir. 1985); In re Holtkamp, 669 F.2d 505, 507 (7th Cir. 1982) (citation omitted).

"Cause" as used in § 362(d) is not defined in the Bankruptcy Code and is determined on a case-by-case basis. In re Fernstrom Storage & Van Co., 938 F.2d 731, 735 (7th Cir. 1991). The Seventh Circuit has adopted a three part test for determining whether "cause" exists to lift the automatic stay: (1) whether any great prejudice will result from the continuation of the civil suit to either the bankrupt estate or the debtor, (2) whether the hardship to the non-bankrupt party by the maintenance of the stay outweighs the hardship of the debtor, and (3) whether the creditor has a probability of prevailing on the merits of its claim. Id.

Quay argued that Seventh Circuit precedent generally permits the stay to be lifted only in cases where a Debtor's insurance company is responsible for defending the estate in litigation, not in cases where Debtor is responsible for defending the bankruptcy estate in litigation at expense of the estate.

However, it is well established that a desire to permit a pending action proceed to completion before another tribunal provides "cause" for relief from the automatic stay. A Seventh Circuit opinion has held that modifying the stay to permit a state court action to go forward regarding a matter that is entirely a question of state law is an efficient use of judicial resources. See In re Williams, 144 F.3d 544, 540 (7th Cir. 1998) (bankruptcy court did not abuse its discretion modifying the stay to allow the state court to determine whether debtor tenant had viable defenses in forcible entry action); In re Holtkamp, 669 F.2d 505, 507 (7th Cir. 1982) (judicial economy militated in favor of allowing personal injury claimant to liquidate claim in state court); In re Pro Football Weekly, Inc., 60 B.R. 824, 826 (N.D. Ill. 1986) (modification of the stay will promote judicial economy by resolving all claims between creditor and debtor in a single proceeding in the forum initially chosen by the debtor); In re Betzold, 316 B.R. 906, 915

(Bankr. N.D. Ill. 2004) (court modified stay to allow arbitration proceeding to continue to liquidate claim against debtor). See also In re Walbran, 2000 Bankr. LEXIS 1374, *5 (Bankr. N.D. Nov. 22, 2000) (court modified stay to allow creditor to proceed with state court contract dispute where matter was entirely a question of state law).

Courts outside of this district have also follow similar reasoning. See In re Philadelphia Athletic Club, Inc., 9 B.R. 280, 282 (Bankr. E.D. Pa. 1981) (court modified stay to allow creditor to liquidate claim to its conclusion, finding that it would be a waste of judicial resources to re-litigate same claim before the bankruptcy court).

Moreover, the prospect of litigation expenses does not constitute an injury sufficient to justify the enjoining of litigation against a debtor where cause to modify is otherwise shown. See In re Peterson, 116 B.R. 247, 250 (D. Colo. 1990); In re Harris, 85 B.R. 858, 860 (Bankr. D. Colo. 1988); In re Nkongho, 59 B.R. 85, 86 (Bankr. D.N.J. 1986); In re McGraw, 18 B.R. 140, 142 (Bankr. W.D. Wis. 1982).

On November 29, 2005 the automatic stay was modified here for the limited purpose of allowing the Circuit Court of Cook County to enter judgment liquidating Count I of MCP's counterclaim against the Debtor. As in cases of most of the many thousands of stay relief motions made in our bankruptcy court, reasons were then articulated orally from the bench for finding cause to modify stay. However, the District Court remanded the matter here for written findings more clearly applying the Fernstrom factors. Since the remand, no party has sought to file further briefs. Accordingly, this Court will further articulate its reasons and rationale for the November 29, 2005 Order under Fernstrom standards and other authorities.

1. **Prejudice to the Debtor or the Estate**

The Circuit Court found through summary judgment procedure that the Debtor owed MCP $1,246,033.40 on a pertinent Count in MCP's counterclaim, and only reserved ruling with respect to the balance claimed by MCP, but had not yet entered judgment. In its motion to modify stay, MCP did not seek permission to collect the judgment once obtained, but only to obtain the final judgment on the Count relating to the dollar finding.

The bar date to file timely proofs of claim in this case was set for January 17, 2006. MCP argued that it intended to file timely proofs of claim in this case. By modifying the stay to allow the Circuit Court to enter a final judgment, MCP could file its proof of claim asserting the liquidated judgment amount.

It was reasoned that the Debtor would certainly file an objection to any claims filed by MCP, including the issue on which the dollar finding was made. Indeed, that has happened. The Debtor wants to retain rights to appeal any state court judgment. Therefore Debtor must file objection to claims filed by MCP in order to preserve that right. Assuming *arguendo* that the stay had not been modified to allow entry of judgment, after Debtor filed an objection to the claim of MCP, the stay would certainly be modified then so as to send the claim back to the Circuit Court for final adjudication. This Court would not hear litigation on a dispute that was almost complete in that court and only required a final state court judgment.

While Debtor and the Estate would have to incur legal expenses in the Circuit Court case to defend against the Count in issue, it would have to incur those same costs eventually should the stay have been modified a few months later. It need hardly be said that a bankruptcy judge would have no good reason to start litigation afresh on the Count wherein the state court judge

-7-

had almost completed work, and thereby cause the parties to incur again the expenses earlier incurred in state court. So the Count in question was surely going back to the state judge for completion, either when the order was actually entered or a few months later.

As was stated by the District Court Judge in the opinion and order denying a stay pending appeal,

> [I]f the stay was not modified, the Bankruptcy Court would merely be delaying the inevitable as the Bankruptcy Court would, in any event, remand the case back to state court in approximately three months following the deadline for filing of claims because the Bankruptcy Court would not re-litigate the state case that was almost completed by another court with extensive knowledge of that litigation.

In re Quay Corporation, Inc., 2006 WL 208704, *2 (N.D. Ill. 2006).

## 2. Prejudice to MCP

MCP has incurred significant legal fees and expenses asserting its counterclaim in the Circuit Court proceeding. The point of that counterclaim on the Count in issue was close to judgment. "Where the stayed non-bankruptcy litigation has reached an advanced stage, courts have shown a willingness to lift the stay to allow the litigation to proceed." In re Fernstrom Storage and Van Co., 938 F.2d 731, 737 (7th Cir. 1991) (citations omitted). MCP would have been prejudiced if the stay were not modified because it would have had to prolong work to obtain a final judgment in a case that was almost finished. In addition, if the automatic stay were not modified so soon after the dollar finding was made, MCP would suffer harm in the form of added expenses in re-educating the state judge on the facts if forced to complete the litigation on that Count at a later time. It need hardly be pointed out that if the litigation were started afresh here, MCP would have suffered great prejudice though the need to repeat years of litigation. Therefore, at some point the case should certainly be decided in the Circuit Court.

### 3. MCP's probability of prevailing on the merits

The Circuit Court had already found that Debtor owed MCP $1,246,033.40 and only reserved ruling with respect to the balance of the amount claimed due. MCP's motion for assessment of interest, attorney's fees, and for entry of final judgment on the remaining part of the Count in issue had been fully briefed by the parties and set for ruling by the Circuit Court which would have allowed judgment to be entered. The Debtor has only raised limited objections to the claims asserted by MCP. Given the fact that the Circuit Court has already found that the Debtor owed MCP $1,246,033.40, MCP was likely to prevail to some degree on the remaining issues.

### 4. Additional factors

In addition to the above discussed Fernstrom factors, an important factor to be considered in determining whether statutory "cause" exists to modify the stay include consideration of judicial economy in cases where, as Fernstrom put it, "non-bankruptcy litigation has reached an advanced stage." Id., at 737. Prior opinions have found in such cases that the case should continue in the forum in which it was commenced to avoid duplication of litigation. See Chapman III v. Citicorp Mortgage, Inc., 1992 WL 59289, *4 (N.D. Ill. 1992); In re Pro Football Weekly, Inc., 60 B.R. 824, 826 (N.D. Ill. 1986).

An earlier Seventh Circuit panel has noted that the legislative history of § 362(d) clearly indicates that Congress acknowledges that the automatic stay should be lifted in appropriate

circumstances. See Holtkamp v. Littlefield, 669 F.2d 505, 508 (7th Cir. 1982). Based on the legislative history, that opinion observed:

> (I)t will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from many duties that may be handled elsewhere.

Id.

## CONCLUSION

Based on the facts in this case, it was clearly in the interests of judicial efficiency for the final issue in the Circuit Court case on the Count in issue to be decided in that Court. The litigation in that Court on that particular Count was close to completion before the Debtor filed for bankruptcy protection. Only a small part of that issue remained to be decided. Thus, the Circuit Court, which was already familiar with facts of the case, was best situated to resolve the final issues in that Count.

The Circuit Court litigation had begun on or about June 30, 2003. It would be a waste of judicial resources for a new judge to rehear all of the merits of a case that has been litigated for over two years and was close to completion. Further, the Debtor and MCP would incur substantial costs if required to re-litigate the same case again in a different forum. Even under Debtor's argument to delay ruling, the stay would have been modified a few months later -- a period that has now passed. In a purported effort to avoid state court litigation expense, the Debtor has taken its obviously costly appeal to achieve a three month delay, a delay now mooted by the passage of time.

Small wonder that the oral opinion here denying the effort to stay the ruling pending appeal found that effort to be frivolous, and the District court likewise declined to enter stay pending appeal.

Under undisputed facts and the foregoing precedent, statutory "cause" clearly was presented both under <u>Fernstrom</u> and other authority that recognize judicial efficiency as a "cause" in itself.

The foregoing constitutes this Court's written findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052 and pursuant to the remand Order of the District Court.

ENTER:

Jack B. Schmetterer
United States Bankruptcy Judge

Entered this ____ day of June 2006.